UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARJORIE C. PINO, individually, and as a representative of the estate of decedent RONNIE PINO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, SACRAMENTO COUNTY, ALBERT NAJERA, LOU BLANAS, PSYCHIATRIC SOLUTIONS, INC., and DOES 1 through 75, inclusive.<br><br>Defendants. | NO. CIV. S-05-2080 WBS DAD<br><br><u>ORDER RE: 12(B)(6) MOTION TO DISMISS COMPLAINT IN PART AND 12(F) MOTION TO STRIKE PORTIONS OF THE COMPLAINT</u> |

----oo0oo----

Plaintiff Marjorie C. Pino, individually and on behalf of her late son Ronnie Pino's estate, alleges seven causes of action under 42 U.S.C. § 1983 and California law against the City of Sacramento, Sacramento County, Albert Najera, Lou Blanas, Psychiatric Solutions, Inc., and Does 1 through 75.  Defendant City of Sacramento and City of Sacramento Police Chief Albert

1

Najera ("defendants") now move to dismiss plaintiff's complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike portions of the complaint pursuant to Federal Rule of Procedure Rule 12(f).

I.   Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972). The court may not dismiss for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (emphasis added); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In addition, "[a] motion to dismiss is generally 'capable of determination' before trial 'if it involves questions of law rather than fact.'" United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993).

Plaintiff seeks to recover on four different theories: (1) for the wrongful death of her son; (2) for interference with plaintiff's familial relationship with her son; (3) for injuries to her son; and (4) for injuries to herself. First, the complaint sufficiently states a claim for the wrongful death of plaintiff's son. Plaintiff alleges that she "is the mother and personal representative of the estate of decedent." (Compl. ¶ 2.) The court must accept this allegation, made in the complaint, as true. Scheuer, 416 U.S. at 236. Under California law, if there are no surviving issue of the decedent, a cause of action for wrongful death may be brought by the personal representative of the

2

decedent on behalf of a person who would take by intestate succession.  C.C.P. § 377.60.  The court cannot conclude beyond doubt that plaintiff can prove no set of facts to establish that she is entitled to decedent's property by intestate succession. Therefore, her wrongful death claim is sufficiently alleged for the purposes of this motion to dismiss.  See Van Buskirk, 284 F.3d at 980.

Second, the complaint sufficiently states a claim for interference with plaintiff's familial relationship with decedent. The Ninth Circuit has noted that Supreme Court precedent has "rendered beyond dispute the proposition that parents have a fundamental liberty interest in maintaining a relationship with their children which is protected by the Fourteenth Amendment." Kelson v. Springfield, 767 F.2d 651, 654 (9th Cir. 1985); see also Lassiter v. Dep't of Soc. Servs., 452 U.S. 18 (1981); Little v. Streater, 452 U.S. 1 (1981); Strandberg v. Helena, 791 F.2d 744, 748 n.1 (9th Cir. 1986).  Therefore, as decedent's mother, plaintiff has properly alleged a violation of her liberty interest in maintaining her relationship with her child.

Third, the complaint sufficiently states a survival claim for the injuries to decedent.  "Survival actions" seek compensation for the personal injuries the decedent suffered while still living.  See Martinez v. County of Madera, No. 104-5919, 2005 WL 2562715 at *3 (E.D. Cal. Oct. 8, 2005).  Section 1983 does not address "the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant."  Robertson v. Wegmann, 436 U.S. 584, 589 (1978) (quoting Moor v. County of Alameda, 411 U.S. 693, 702 n.14 (1973)).  When federal law does

3

not resolve an issue in the context of a federal civil rights action, 42 U.S.C. § 1988 points courts to "the common law, as modified and changed by the constitution and statutes of the [forum] State," for answers. <u>Moreland v. Las Vegas Metro. Police Dep't</u>, 159 F.3d 365, 369 (9th Cir. 1998).  California law authorizes a personal representative to bring survival actions. C.C.P. § 377.20 ("[A] cause of action that survives the death of the person entitled to commence an action . . . may be commenced by the decedent's personal representative . . . .").  Therefore, plaintiff's allegations that she is decedent's personal representative are sufficient to establish that she has capacity to bring a survival action on decedent's behalf for the purposes of defendants' motion to dismiss.[1]

Fourth, the complaint sufficiently alleges a claim for injuries to plaintiff herself.  Plaintiff alleges that her Fourth Amendment right to be free from unreasonable seizures was violated when one of the defendants threatened to tase her with a stun gun. (Compl. ¶ 15.)  When plaintiff attempted to explain to police officers that tasing her son with a stun gun could be fatal, a female officer responded, "Back off, or I will tase you, too."

---

[1] At oral argument, plaintiff admitted that she is actually decedent's successor in interest.  Under California Code of Civil Procedure § 377.32, a successor in interest who brings an action on behalf of a decedent must file a sworn statement regarding the decedent and the background of the case.  <u>Parsons v. Tickner</u>, 31 Cal. App. 4th 1513, 1523 (Feb. 2, 1995). Plaintiff's counsel stated in oral argument that he would file a affidavit by plaintiff that she is decedent's successor in interest.  Defendants informed the court at oral argument that they were satisfied by the assurance given by plaintiff's counsel that he would file a sworn statement.  However, the court's analysis for the purposes of a motion to dismiss is unchanged by plaintiff's admission – again, the court is required to accept what plaintiff averred in her complaint as true.

4

1  (Id.)  At the time, the police officer had her stun gun drawn.
2  (Id.)  These allegations satisfy the definition of a seizure.  See
3  Florida v. Bostick, 501 U.S. 429, 434 (1991) ("Only when [an]
4  officer, by means of physical force or show of authority, has in
5  some way restrained the liberty of a citizen may we conclude that
6  a 'seizure' has occurred." (quoting Terry v. Ohio, 392 U.S. 1, 19
7  n.16 (1968)).  Whether this seizure was reasonable depends upon
8  the circumstances surrounding the officer's conduct and involves a
9  question of fact that is not capable of determination on a motion
10 to dismiss.  Nukida, 8 F.3d at 669.  Therefore, plaintiff has
11 sufficiently alleged a violation of her own Fourth Amendment
12 rights.
13         Plaintiff also asserts claims against Police Chief
14 Najera and prays for general, special, and punitive damages as a
15 remedy against all defendants.  (Compl. ¶¶ 28-31, 60.)  Under 42
16 U.S.C. § 1983, individual state officials can be sued for money
17 damages.  Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir. 1991).
18 Therefore, the court declines to dismiss plaintiff's claims
19 against defendant Najera.
20         Although individual public officers may be liable for
21 punitive damages, municipalities are not subject to punitive
22 damage awards.  Compare Smith v. Wade, 461 U.S. 30, 35 (1983)
23 (concluding that "[i]t was likewise generally established that
24 individual public officers were liable for punitive damages for
25 their misconduct on the same basis as other individual
26 defendants"), with City of Newport v. Fact Concerts, Inc., 453
27 U.S. 247, 271 (1981) (holding that "a municipality is immune from
28 punitive damages under 42 U.S.C. § 1983").  Therefore, plaintiff's

claim for punitive damages as against the City of Sacramento will be stricken.

II.  Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike any "immaterial, impertinent, or scandalous matter." However, such motions are disfavored, and even immaterial or redundant allegations need not be stricken unless the defendants can show prejudice or an inability to gain a full understanding upon reading the complaint as a whole.  <u>Bloombury Woolen Co. v. Moosehead Woolen Mills</u>, 109 F.Supp. 804, 806 (D. Me. 1953). Defendants have failed to show prejudice or impairment of the "full understanding" that would emerge from reading the complaint as a whole.  The court therefore denies the motion to strike the remaining portions of the complaint identified by defendants.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the complaint be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's claim for punitive damages as against the City of Sacramento be, and the same hereby is, STRICKEN.

DATED: January 19, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE